■ In the Matter of QUAKER PROPERTIES, INC., Appellant, v. ERNEST HASLER et al., Constituting the Zoning Board of Appeals of the Town of Pawling, Respondents.— In a proceeding pursuant to article 78 of the CPLR to annul respondents' determination, dated August 13, 1970, denying petitioner's application for a special use permit for quarrying, petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated February 8, 1971, which dismissed the petition without prejudice. The opinion rendered by Special Term indicates that the dismissal is without prejudice to petitioner's seeking certain other remedies. Upon this appeal, a later order of the same court, dated May 3, 1971, granting reargument, has been reviewed to the extent that it adhered to the decision embodied in said judgment dated February 8, 1971. Appeal from judgment dismissed, without costs, as academic. The judgment was superseded by the order granting reargument. Order dated May 3, 1971 reversed insofar as reviewed, on the law, without costs, and matter remanded to the respondent Zoning Board of Appeals of the Town of Pawling, with direction to grant the special permit sought herein, after taking further testimony concerning the necessity for and the scope of the terms and conditions, as authorized by sections 604 to 604.04, inclusive, of article VI of the Zoning Ordinance of the Town of Pawling, to be incorporated into such special permit. In our opinion, the Special Term was in error in treating the instant application for a special use permit to quarry and remove bank run as within the purview of article V of the Pawling Zoning Ordinance, requiring submission to the zoning administrator and referral to or approval by the Planning Board. The instant permit application falls within the scope of section 604 of article VI of the ordinance, requiring submission of such an application to be made to the respondent Zoning Board, which by the terms of the ordinance has sole jurisdiction in quarrying applications and is required to hold a hearing on such applications and apply the conditions and terms of sections 604 to 604.04, inclusive, of article VI before issuing a permit. The instant permit application was properly submitted under section 604 to the respondent Zoning Board of Appeals; and the proof adduced by petitioner at the hearing held by respondents indicated compliance with the terms and conditions of sections 604 to 604.04, inclusive, entitling petitioner to the special permit for which it had applied. By virtue of sections 604 to 604.04, inclusive, the respondent Zoning Board of Appeals had the power and right to fix terms and conditions, as prescribed therein, for the issuance of a special permit to quarry, including *inter alia* those\relating to limitation of excavation, prevention of flying dust, fixation of grading and submission of an appropriate performance bond. At bar, by virtue of the judgment of dismissal, as well as

the Zoning Board's own prior denial of petitioner's application for a special permit, none of the aforenoted terms and conditions were fixed by the respondent Zoning Board of Appeals. Consequently, the matter must be remanded to the respondent Zoning Board of Appeals for proceedings as hereinabove directed. Munder, Acting P. J., Martuscello, Latham, Shapiro and Gulotta, JJ., concur.